St. Francis Electric Light Company *v.* Electric Supply Company.

Opinion delivered March 23, 1901.

ACTION—ASSIGNMENT—PARTIES.—The stock of a corporation was purchased, and a new corporation formed. A note given by the stockholders of the new company was retained by the attorney of the new company as indemnity against any loss it might sustain in contemplated litigation with a third company which had previously obtained a judgment against the old company, the latter having a claim against the judgment creditor which it was agreed that the new company should sue on, and whatever sum the new company should recover against the judgment creditor in excess of the judgment against the old company should go to the stockholders of the old company. *Held*, that the new company had an interest in the suit prosecuted on such claim, and was entitled to bring it in its own name, without making the stockholders of the old company parties.

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

The appellant brought this action against the appellee for damages for failing to erect an electric light plant according to contract. Upon motion of the appellee the action was dismissed on the ground that the plaintiff had no interest in the controversy, and from this judgment it appealed.

It appears that the Electric Light Company had bought the stock of its predecessor, bearing the same name, and reorganized by election of a board of directors, and other necessary officers. The Electric Supply Company, it seems, had a claim against the Electric Light Company, and had obtained a judgment against it before the sale and reorganization of the Electric Light Company. When the present stockholders. bought the property, they gave several notes for deferred payments. One of these notes for $500 was deposited with Mr. Gatling, the attorney for the incoming stockholders, to be held by him as indemnity for his clients, the new company, against any loss the company might sustain in contemplated litigation with the Eletcric Supply Company. It seems that the Electric Light Company, before sale to the present stockholders, had a demand against the Electric Supply Company, which it contended was a set-off or counterclaim against the claim of the Electric Supply Company against it, which it had offered to interpose in the suit of the Electric Supply Company against it, which was stricken out and not permitted by the court. This is the same demand upon which this action is based. It was agreed and understood, between the old and new stockholders of the Electric Light Company at the time of the sale of the Electric Light Plant, that, to protect the company against the claim of the Electric Supply Company against it, the $500 note was deposited with Gatling, and that whatever amount the company might recover against the Electric Supply Company in excess of the demand of the latter against the Electric Light Company should belong and go to the stockholders of the Electric Light Company before the sale. It is shown that, at the time of the sale and deposit of this $500 note, it was in contemplation that suit should be brought by the Electric Light Company against the Electric

Supply Company, on the claim or demand of the Electric Light Company against the Electric Supply Company.

The facts in this case conclusively show that this was the understanding of the parties.

*Norton & Prewett,* for appellant.

A corporation is a thing separate and apart from its stockholders. 4 Ark. 302. The assignor is a necessary party to a suit on a cause of action which is not assignable by statute. Sand. & H. Dig., § 5624; 47 Ark. 541. It was error to refuse to reinstate the case.

*R. J. Williams,* for appellee.

HUGHES, J., (after stating the facts). We are of the opinion that the facts in this case show that the appellant did have an interest in this suit, and that it was really its duty to prosecute the claim of the Electric Light Company against the Electric Supply Company. Its authority to bring the suit arose from the facts in the case, and no order of its board of directors was necessary to authorize it to bring this suit. 1 Beach, Priv. Corp. § 360. The Electric Light Company was still bound for the debts of the company existing before the purchase of the stock of the company; and the prosecution of this suit was primarily a means of protection to it against the debts of the company existing before the purchase and reorganization, and it was for the benefit of the old stockholders of the Electric Light Company, inasmuch as it was, in effect, to indemnify them against loss. The agreement and arrangement was, in effect, an authority to sue for the benefit of the old stockholders of the Electric Light Company. It was not necessary that the outgoing stockholders of the Electric Light Company should have been made parties on motion, which was refused.

The judgment is reversed, and the cause is remanded, with directions to overrule the motion to dismiss, to reinstate the cause, and proceed according to law.